T.C. Memo. 2018-49

UNITED STATES TAX COURT

STACEY S. MARKS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18520-16.                    Filed April 10, 2018.

<u>Ray C. Mayo, Jr.</u>, for petitioner.

<u>Donielle A. Hubbard</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MORRISON, <u>Judge</u>:  Respondent mailed petitioner a notice of deficiency

for tax year 2013 determining a deficiency of $35,356 and a section 6662 penalty

[*2] of $7,071.  Petitioner filed a petition for redetermination, as permitted by section 6213(a).[1]  The petition is timely.  We have jurisdiction under section 6214(a).

These are our holdings:

(1)    Petitioner's income for 2013 does not include $98,000 for a distribution of two promissory notes from an individual retirement account (IRA).

(2)    Petitioner is not liable for the section 72(t) 10% additional tax on early retirement-plan distributions.

(3)    Petitioner is not liable for the section 6662 penalty.

## FINDINGS OF FACT[2]

Petitioner was a resident of Louisiana when she filed the petition.

Petitioner owned a retirement account, the custodian of which was the Argent Trust Co.  Before 2005, the Argent account qualified as an IRA.

In 2005 the Argent account made a $40,000 loan to petitioner's father.  It received a promissory note in exchange.

---

[1]All section references are to the Internal Revenue Code of 1986, as amended.

[2]All findings of fact are based on the preponderance of the evidence.

**[*3]**   In 2012, the Argent account made another loan, of $60,000, to one of petitioner's friends.  It received a promissory note in exchange.

As of December 2013, the Argent account had the following assets:  (1) the two notes (with a combined face value of $100,000) and (2) $96,508 in cash.  In December 2013, petitioner opened a new retirement account, the custodian of which was the Equity Trust Co.  In December 2013, petitioner attempted to roll over the assets of the Argent account to the Equity account.

On her 2013 tax return, petitioner did not report that she had received a taxable distribution from the Argent account.

OPINION

Legal background

A distribution out of an IRA is generally includable in the gross income of the recipient, sec. 408(d)(1), for the taxable year in which the distribution is received, sec. 1.408-4(a)(1), Income Tax Regs.  There is an exception to this rule for a rollover contribution.  Sec. 408(d)(3)(A).  A rollover contribution includes a distribution out of an IRA that is then paid into another IRA owned by the same owner within 60 days.  Id.  Under section 408(e)(2)(A), if an IRA engages in a prohibited transaction, the account ceases to be an IRA as of the first day of the taxable year in which the prohibited transaction occurs.

**[*4]** <u>Respondent's position on brief</u>

We held a trial in Mobile, Alabama, and ordered the parties to file post-trial briefs. In his brief, respondent urged that the Court sustain all of the determinations in the notice of deficiency.

The notice of deficiency had determined that petitioner received in 2013 a taxable distribution from an IRA account, specifically, the Argent account, of $98,000. In his brief filed after trial, respondent urged the Court to sustain this determination. Respondent argued as follows: in 2013 the Argent account was an IRA; in 2013 the Argent account made a $196,508 distribution to petitioner consisting of $96,508 cash and the two notes; the $96,508 cash is excludable from petitioner's income because it was successfully rolled over from one IRA account to another (i.e., from the Argent account to the Equity account); however, the two notes were not successfully rolled over and therefore petitioner's income for 2013 includes the value of the two notes. The notice of deficiency had computed the amount of the income inclusion as if the value of the two notes was $98,000, even though their face value was $100,000. Consistent with the notice of deficiency, respondent's brief argued that $98,000 is the amount includable in petitioner's income.

**[\*5]**  The notice of deficiency also had determined that petitioner is liable for a 10% additional tax under section 72(t) for a $98,000 early IRA distribution in 2013.  Respondent defended this determination in his brief.

Separate from the IRA issues, the notice of deficiency had determined that petitioner had failed to report $162 of dividend income from MetLife, Inc. Respondent defended this determination on brief.

The notice of deficiency had determined that there was a substantial understatement of income tax on petitioner's 2013 return and determined a $7,071 penalty under section 6662(a) and (b)(2).  Respondent defended this determination on brief.

Petitioner's position on brief

In her brief, petitioner took the position that the two notes were distributed from one IRA (i.e., the Argent account) to her and then rolled over to a second IRA (i.e., the Equity account).  As to the $162 unreported dividend, petitioner's brief did not dispute that the $162 dividend is includable in her income.  Petitioner contended that the understatement for 2013 is not substantial.

Parties' positions in post-briefing memoranda

After the parties filed their briefs, we ordered them to file additional memoranda addressing the effect of the prohibited-transaction rule of section

**[*6]** 408(e)(2)(A). In their memoranda, both parties agreed that by making the $40,000 loan to petitioner's father in 2005, the Argent account had engaged in a prohibited transaction and ceased to be an IRA. See secs. 408(e)(2)(A), 4975(c)(1)(B), (e)(1)(B), (2)(F), (6). They also agreed that petitioner's income for 2013 should not include a taxable distribution from the Argent account because that account was not an IRA in 2013.

Holdings

1.    The value of the two notes is not includable in petitioner's income for 2013.

Respondent's memorandum on the prohibited-transaction rule explicitly concedes the determination in the notice of deficiency that petitioner must include $98,000 in her income for 2013 for a distribution from an IRA. Therefore we do not sustain that determination.

2.    Petitioner is not liable for the 10% additional tax under section 72(t) on early retirement-plan distributions.

It follows from respondent's concession that petitioner is not liable for the 10% additional tax under section 72(t) on early retirement-plan distributions. Section 72(t) imposes an additional tax on a taxpayer who receives an amount from a qualified retirement plan, including an IRA, for the tax year in which the amount is received, if that amount is includable in income. See sec. 4974(c)

**[*7]** (defining a qualified retirement plan to include an IRA). The additional tax does not apply to distributions made after the taxpayer reaches the age of 59-1/2. Sec. 72(t)(2)(A)(i). Thus, the additional tax applies only to early retirement distributions. Because petitioner did not receive an amount includable in income from an IRA in 2013, see supra part 1, she is not liable for the 10% additional tax of section 72(t) for 2013.

3.     Petitioner is not liable for the section 6662 penalty.

Section 6662(a) imposes a penalty on a taxpayer whose return under-reports the correct tax if (1) there is a substantial understatement of income tax on the return or (2) the failure to report the correct amount of tax on the return is due to negligence. Sec. 6662(b)(1) and (2). Respondent has the burden of producing evidence that the penalty is applicable. Sec. 7491(c). An understatement of income tax is generally equal to the correct tax minus the tax reported. Sec. 6662(d)(2)(A). As computed by the notice of deficiency, there was a $35,356 understatement of income tax on petitioner's 2013 return resulting from the return's failure to report the following items: (1) a $162 income inclusion for the dividend, (2) a $98,000 income inclusion for the two notes, and (3) the section 72(t) 10% additional tax on early retirement-plan distributions. As we hold, petitioner was required to report only one of these items--the $162 dividend. See

**[*8]** <u>supra</u> parts 1 and 2.  Because she failed to report the $162 dividend, the tax reported on her 2013 return is less than her correct tax.  Therefore, there is an understatement of income tax for 2013.

However, the understatement must be substantial to support a penalty.  Sec. 6662(b)(2).  An understatement is substantial only if it exceeds $5,000.  Sec. 6662(d)(1)(A).[3]  Failing to report $162 of income would not result in an understatement exceeding $5,000.  Therefore the understatement is not substantial.

The section 6662 penalty can also be imposed in cases of negligence.  It does not appear that there is any evidence particularly relevant to petitioner's negligence (or lack of negligence) in failing to report the dividend.  Respondent's brief did not assert that petitioner was negligent, at least with respect to the unreported dividend.  Respondent has therefore waived any theory that petitioner was negligent with respect to her failure to report the dividend.

We hold that there is not a substantial understatement of income tax.  We also hold that there is no negligence.  Therefore petitioner is not liable for the section 6662 penalty.

---

[3]To be substantial, the understatement must also exceed 10% of the correct tax.  Sec. 6662(d)(1)(A).

**[\*9]**   To reflect the foregoing,

A decision will be entered

under Tax Court Rule of Practice

and Procedure 155.
